Anderson, J.,
delivered the opinion of the court.
*55 The court is of opinion, that William King Heiskell sold and conveyed to Thomas L. Preston, by the deed of July 14th, 1862, the interest in the Kings salt works he purchased from John, James and Duncan R. Claiborne. r . . . The terms of the grant are, “the said Heiskell bargains and sells, with general warranty, to said Preston, * * * * his interest purchased from John Claiborne, James Claiborne and Duncan R. Claiborne.” And as further description, he adds the words, “one two-hundred and seventieth each.” We do not think these words were intended to be restrictive of the quantity; or to imply that if the Claiborne interests were greater, he only sold so much of them. The whole record shows, that he had no thought that those interests which he sold to Preston, could be more than he supposed them to be. He sold to Preston the interest which he purchased from the Claibornes, and why would he have used these words as qualifying and restricting the thing he sold, when he had no conception that it was greater in quantity than he and Preston mutually believed it to be. This clause was evidently added merely as further descriptive of what was before amply descriptive of the thing sold—what he had purchased from the Claibornes.
He had before, by deed of 30th of November, 1858, granted to Preston “all his right, title and interest, as well at law as in equity,” in said salt works. First, the interests conveyed to the said Heiskell by Joseph E. C. Trigg, and Rachel, his wife, and Walter S. Branch—one two hundred and eighty-eighth each. Second, the interest conveyed to him by James King, consisting of one seventy-second, one five hundred and fortieth, and one nine hundredth. Third, the interests conveyed to said Heiskell by John Claiborne, James Claiborne and Duncan R. Claiborne—one .two hundred and seventieth (the word each probably omitted in copying). This last is the same interest that wre recited in the deed of 1862. Fourth, the *56 ^nteres^ conveyed to said Heiskell by William L. Hunter —one twenty-fourth. Each of the foregoing interests are described in the same way, as interests purchased by Heiskell from such a person, or persons, and then the quantity of each is added, as further descriptive.
Subsequently Preston and wife, by deed dated July 7th, 1859, conveyed to Robert Gibbony the Preston salt works estate, and all their right, title, claim and interest, at law and in equity, in the Kings salt works estate, which includes his aforesaid purchase from William King Heiskell, in trust to secure his just creditors, and to indemnify his sureties.
On the 14th July, 1862, the deed of that date, herein before referred to, was executed by William King Heiskell, Thomas L. Preston and Robert Gibbony, trustee for Thomas L. Preston, by which Gibbony releases to Preston all and any right vested in him by the deed of 7th of July, 1859, to the interests which were conveyed to the said Preston by William King Heiskell, by the deed of 30th November, 1858. And the said Heiskell and Preston abrogate and annul said deed, and declare this deed to be the only and whole contract between them, touching the sale and purchase of interest in the King’s salt works; and Preston releases the interest in the said salt works, purchased by Heiskell from William L. Hnnter, being one twenty-fourth. And the said Heiskell bargains and sells to said Preston all the other interests which he had conveyed to him by the aforesaid deed of November 30th, 1858, which includes the interest which he purchased from the Claibornes.
The only reason assigned in the deed, for the releasing-by Gibbony to Preston, all the interests which he had purchased from Heiskell, in the King’s salt works, by the deed of November 30th, 1858, and which Preston had conveyed to him, by the deed of July 7th, 1859, is? that the said Gibbony had “assets sufficient for the pay *57 ment of the debts, without touching said interest.” And this explains why it was, that Heiskell and Preston agreed to annul the entire conveyance of the former to the by said deed of the 30th of November, 1858, and then by the same instrument, reconveyed to him all those interests, except the interest which Heiskell purchased from "William L. Hunter. It was because said interests were unnecessary to pay Preston’s debts, and he wished to hold them unincumbered by the deed of trust; and as Preston had acquired said interests, prior to making his said deed of trust, and they had been embraced in it, they felt that it would be safest to annul that deed, and that Preston should hold them by a conveyance made to him, subsequently to the execution by him of the deed of trust. This seems to be the only way in which it can be explained. And the identical interests which had been conveyed to him, by the deed of 1858, except the Hunter interest, being reconveyed to him by the deed of 1862, in construing the latter deed, we may look to the former, though abrogated, to aid in ascertaining what was the intention of the parties, as to what property was conveyed by the latter. As it was evidently the intention of Heiskill to sell and convey by the deed of 1862, the same interest which he had conveyed by the deed of 1858, except the Hunter interest, we may look to the former as showing what property he intended to convey by the latter deed, there being nothing in the latter indicating any change of purpose as so the property he intended to convey, except as to the Hunter interest. And a reference to the deed of 1858 with this view confirms the correctness of the construction, which we have given to the deed of 1862, that it passed to Preston the entire interest which Heiskell purchased from the Claibornes; and that it was the intention of Heiskell to transfer it to Preston, and the latter to ’acquire it.
It is necessary and proper now to inquire, what interest. *58 in the King’s salt works Heiskell purchased from the Claibornes ; for the same interest he sold and conveyed to The language of the deed of the 24th of ^anuai7> 1854 is, “ I Duncan B,. Claiborne have this day bargained and sold, and do hereby transfer and convey, William King Heiskell (for a consideration expressed), my whole and entire interest, in and to the estate of William King, deceased, inherited by me from and through Thomas J. King, my half-brother, deceased, together with my share of the dower interest of my mother, Sarah M. Claiborne, ■also my interest of the interests of my deceased sisters, Charlotte and Anastasia Claiborne.”
The deed of 14th of March, 1854, witnesseth that the •said James Claibore doth grant unto the said William King Heiskell all the right, title, interest and claim which ■he, the said James Claiborne, has in and to the salt works lying and being in the county of Washington aforesaid, in the state of Virginia, known as King’s saltworks.” Here is inserted other property, and the deed then proceeds: “ The interests hereby intended to be conveyed, being the :same which descended to the same James Claiborne by the death of his half-brother, Thomas J. King, deceased, and of his sisters, Charlotte and Anastasia Claiborne, deceased, they having died intestate without issue; also all right, title and interest which the said James Claiborne now has, or may have, in the dower interest of Sarah M. Claiborne, his mother, in and to the estate hereby intended to be conveyed.”
By the deed of 28th of April, 1854, John Claiborne grants, bargains and sells to William King Heiskell all the right, title, interest and.claim which he has in the King’s salt works, in almost the exact terms of the deed ■of his brother James to the said Heiskell, just recited.
The interests conveyed as aforesaid are not enumerated, but the bill alleges that they are eleven five hundred and fortieths of the whole King estate; and this enumeration *59 seems to be correct, by the assent of all the parties. This was then the measure and value of the interests which William King ‘Heiskell purchased from the three bornes. We have seen that he bargained and sold to Thomas K. Preston the entire interests he purchased from them, but in the deed he enumerates them as three'two hundred and seventieths—that is, six elevenths—of the whole King’s salt works: five eleventh interests less than they actually were.
The bill, also alleges that the contract of Heiskell and Preston was made under.the belief that the Claiborne interests were only one two hundred and seventieths. That, we think, is true, as seems to be admitted. It was a mutual mistake in the enumeration or computation of the •interests, which were the subject of the sale and purchase. But we do not agree with the further assumption of the ¡bill that the parties intended to sell and purchase only the fractional interests designated, and that only a part of the fractional interests of Heiskell, as enumerated, passed by his deed from him to the said Preston. But we are of opinion, as we have attempted to show, by the terms of the deed, it was the intention of Heiskell to sell, and of Preston to purchase, the entire interest which the former held in the King’s salt works by his purchase from the Claibornes, and that it was only a mutual mistake, made in the enumeration and computation of those interests; which, being merely an attempt to describe what had been ¡before sufficiently described, and being untrue, must be rejected as falsa demonstratio. In support of this proposition, we are referred by the learned counsel for appellants to 1 Greenleaf (13th ed.), pp. 355-6, §301, where the rule is thus stated by the eminent author: “ There is a •class of cases (he says) in which, upon applying the instrument to its subject matter, whether person or thing, the •description in it is true in part, but not true in every particular.” The rule in such cases is derived from the *60 maxim, ‘‘ Falsa demonstraiio non nocet, oum de cor pore constat!” Here so much of the description as is false is and the instrument will take effect if a sufficient description remains to ascertain its application. They also cite, in support of the same principle, Wooton v. Redd's ex’or, 12 Gratt. 196, which seems substantially to affirm it.
Numerous other cases are cited which we deem it unnecessary further to notice, as we think the principle is so well founded in reason, and so well settled by authority, as to need no further citations in its support.
But it appears on the face of the deed that Heiskell only received payment from Preston on the basis of this mistaken enumeration or computation. He or his representative, we think, upon the facts and circumstances of this case, are entitled to compensation, with interest. See 2 Minor’s Institute, p. 226, and cases cited. He is certainly entitled to compensation from Preston, without deciding as to the liability of other parties. But Preston alleges in his answer that he has claims against Heiskell, which are a valid set off against such claim. We intimate no opinion as to the validity of his claim, which it would not be proper to do, as the ease is not matured for a decision on that claim. But surely Preston, or his assignee, should be allowed an opportunity to assert and establish it, if it is due.
The court overruled Preston’s motion for leave to file-his answer, upon the ground that it was too late, the bill having been taken pro confesso as to him, and a decree having been pronounced in the cause; but permitted him to file it as a petition for a rehearing.
N. H. Massie, as assignee of Preston, tendered a petition before the final hearing, setting up the claim of Preston, and claiming the right to stand in his shoes, by virtue of the assignment to him, which he exhibited with his-bill, and which Preston admitted in his answer, praying *61 to be admitted a party defendant, and to be allowed to answer. But the court upon the final hearing, rejected his petition, and overruled the motion of Preston for leave file his answer, or to rehear the cause on his answer taken * as a petition for a rehearing ; and pronounced a final decree, from which an appeal was allowed Massie and Preston by one of the judges of this court.
If the decree of the 24th of May, 1878, rightly adjudged the effect and intent of the deed of 1862, that it only conveyed to Preston, six five hundred and fortieths of the Claiborne interest, and that the residue thereof, being five five hundred and fortieths, did not pass by said deed, then there was no error in refusing to 'set aside said decree, or in refusing to allow Preston to answer, or in rejecting the petition of N. H. Massie, because upon that adjudication if right, Preston had no interest, and consequently his assignee could have none, in the subject of controversy. But this court has placed a different construction on the deed of 1862, from Heiskell to Preston, and holds that in effect, and according to the intent of the parties, it passed the entire Claiborne interest to Preston, and that therefore he is interested in the question of ■compensation.
The court is of opinion, that the circuit court erred in refusing Preston a rehearing upon his answer, taken as a petition for a rehearing, and in not setting aside the decree of the 24th May, 1878, as erroneous, for the reasons hereinbefore stated; and then permitting Preston to file his answer, and admitting N. H. Massie as a defendant, •and allowing him to answer the plaintiffs’ bill. And there being matters involved in which there may be a conflict -of interest between him and some of his co-defendants, •and in the decision of which he is interested, and to the end that such matters may be decided, it is necessary that he should file a cross-bill to put them in issue, he should have been, and be required to file a cross-bill for that purpose.
*62 Iu the view we have taken of the case, it is unnecessary- ., , . , , , ’ . , , to consider the question whether the reservation by the-of July, 1878, to Stuart and Palmer, of the right. afterwards to file their answer, was general as to all mat- , . , ° ters in issue, or special only as to such matters as were not by said decree; nor to decide the question raised upon the statute of limitations as to the rents, as the-plaintiff, the trustee of William King Heiskell, would be-entitled to no rents, his grantor having parted with his-entire interest in the subject, but only to interest upon what might be due him, if any, of the purchase money.
Nor would it be proper for this court, iii the present stage of the case, to decide, or to intimate an opinion, as-to what, if any is due him, and what parties are liable-therefor, and whether the same is a lien upon the subject,, and attaches in the hands of subsequent purchasers; these-being questions in which Thomas L. Preston, or rather-his assignee, are interested, and upon which they have aright to be heard; and which in fact have not been adjtreated by the court below.
Nor is it deemed necessary to consider the exceptions-taken to the account reported by the commissioner, as upon the opinion of this court, that said decree of May, 1878,. is erroneous, no account of rents was necessary or proper.
For the reasons stated, the court is of opinion to reverse-the decree of the 24th of May, 1878, and the subsequent decrees founded upon it, and to- remand the cause to the-circuit court of Washington county, for further proceedings to be had therein, in conformity with this opinion.
- The decree was as follows:
The court is of opinion, for reasons stated in writing- and filed with the record, that William King Heiskell, by the deed of 14th of July, 186-2, conveyed to Thomas L. Preston the entire interest which he purchased from the *63 Claibornes in the King salt works, and that his whole interest having passed by said deed, he had nothing of it left to convey, and no part of said interest was to his trustee by the deed of 1869: but only his claim for any unpaid purchase money which might have still been due him from the purchaser.
In the said sale and purchase the parties, by mutal mistake, having enumerated or computed the shares or interests sold to be less than they actually were, and the amount of purchase money paid was upon that erroneous and mistaken computation, Heiskell was entitled to a correction of the mistake after it was discovered, and to further payment of purchase money or compensation.
The court is of opinion, therefore, that the decree of 24th of May, 1878, is erroneous in holding that William King Heiskell, by his said deed of July 14th, 1862, did not convey to the said Preston his entire interest in the King salt works which he purchased from the Claibornes, but only a part thereof; and that the residue vested in his trustee by the deed of 1869; and that all the proceedings and the decrees of 17th and 18th of January, which are founded on that erroneous decision, are erroneous. Wherefore, it is ordered and decreed that said decrees be reversed and annulled, and that the appellee, Daniel Trigg, trustee, do pay to the appellants their costs expended in the prosecution of their appeal here. And this court, proceeding to make such decree as the court below ought to have made, it is ordered that Thomas L. Preston have leave to file his answer in this cause, and that N. H. Massie be allowed to file his petition to be made a party defendant and have leave to answer plaintiffs’ bill. And the court being of opinion that the matters in controversy touching the question of compensation between said Preston and his assignee, Massie, and the other parties to the suit, cannot be satisfactorily put in issue and adj udicated with-, out a cross-bill, it is decreed and ordered that said Preston *64 and Massie be required, on condition of further relief, to file their cross-bill, putting such matters in issue. And cause is remanded to the said circuit court for Wash-^n§^on county for further proceedings to be had therein in conformity with this order and the principles declared in the opinion filed with the record, in order to a final decision.
Decree reversed.